1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

NATIVE VILLAGE OF NAKNEK,   )
   )

12

       Plaintiff,   )   No. 3:14-cv-05740
   )

13

   v.   )   AT LAW AND IN ADMIRALTY
   )

14

JONES PACIFIC MARITIME, LLC,   )

15

HARVEY JONES, *In Personam* and   )
the F/V SEAHORSE, Official   )   ORDER APPOINTING

16

Number 292012, her   )   JEFFREY T. OSBORN SUBSTITUTE
engines, machinery, tackle,   )   CUSTODIAN AND ORDER

17

furniture, apparel,   )   AUTHORIZING MOVEMENT OF
appurtenances, and   )   VESSEL

18

equipment, etc.,   )
*In Rem*,   )

19

   )

20

       Defendants.   )
_____)

21

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT

22

FOR THE WESTERN DISTRICT OF WASHINGTON:

23

      Plaintiff, Native Village of Naknek, by and through its attorney of record, having

24

made an appearance and made the following recitals:

25

Order Appointing Jeffrey T. Osborn Substitute          LANDYE BENNETT BLUMSTEIN LLP
Custodian and Order Authorizing Movement of Vessel- 1       701 W 8TH AVE., SUITE 1200
Case No.:  3:14-cv-05740                 ANCHORAGE, AK  99501
                                         (907) 276-5152

1.      On September 16, 2014 the Verified Complaint herein was filed praying that the Vessel SEAHORSE, Official Number 292012, her engines, machinery, tackle, furniture, apparel, appurtenances, and equipment, etc., be delivered to Naknek and that the Court enter judgment returning clear title to Naknek, and for other proper relief.

2.      The Clerk of the Court has been, or will be, authorized to issue a Warrant for Arrest commanding the United States Marshal for this District to arrest and take the Vessel into custody and to retain it in custody until further Order of this Court.

3.      It is contemplated that the United States Marshal will seize the Vessel forthwith.  Custody by the United States Marshal requires the services of one or more keepers at a significant charge for the keepers alone and not including charges for moorage, storage, and the other services usually associated with safekeeping vessels similar to the Vessel SEAHORSE.

4.      It is believed that the Vessel is currently moored on the Columbia River at Puget Island near Cathlamet, Washington.  After its arrest, the Vessel will be moved by tug or other safe means to safe, secure moorage at facilities in Astoria, Oregon, arranged for by the Substitute Custodian.

5.      Naknek is agreeable to allow Dock Street Custodial, LLC, through its Managing Member, Jeffrey T. Osborn, to assume the responsibility of safekeeping the Vessel and Dock Street Custodial, through its Managing Member, Jeffrey T. Osborn, has consented to act as her custodian until further Order of this Court.  Fees and expenses to be charged by Dock Street Custodial will be substantially less than the cost of leaving the Vessel in the custody of the United States Marshal.

Order Appointing Jeffrey T. Osborn Substitute
Custodian and Order Authorizing Movement of Vessel- 2
Case No.: 3:14-cv-05740

LANDYE BENNETT BLUMSTEIN LLP
701 W 8TH AVE., SUITE 1200
ANCHORAGE, AK  99501
(907) 276-5152

6.      Jeffrey T. Osborn, Vice President of Dock Street Custodial, by affidavit filed with the Motion, averred that neither he nor Dock Street Custodial has any interest in the outcome of this lawsuit, can arrange for adequate storage and supervision for the proper safekeeping of the Vessel, and has obtained liability insurance with policy limits of not less than $1,000,000.00, which is expected to be adequate to respond in damages for loss of or injury to the Vessel or for damages sustained by third parties due to any acts, faults, or negligence of said Substitute Custodian.  Further, in his affidavit, Jeffrey T. Osborn, on behalf of Dock Street Custodial, agrees to accept custody of the Vessel and her engines, machinery, tackle, furniture, apparel, appurtenances, and equipment, etc., which is the subject of the action herein, in accordance with the terms of this Order.

7.      In consideration of the appointment of Dock Street Custodial, through its Managing Member, Jeffrey T. Osborn, as Substitute Custodian, Naknek agrees to release the United States and the United States Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel and its equipment, from the time the United States Marshal transfers custody of the Vessel over to the Substitute Custodian, and Naknek agrees to indemnify and hold the United States and the United States Marshal harmless from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping.

THEREFORE, IT IS ORDERED that the United States Marshal for the Western District of Washington be, and is authorized and directed, upon the seizure pursuant to the Warrant for Arrest of said Vessel, her engines, machinery, tackle, furniture, apparel, appurtenances, and equipment, etc., to surrender the custody thereof to Dock Street Custodial, through its Managing Member, Jeffrey T. Osborn, as Substitute Custodian, and that upon such

Order Appointing Jeffrey T. Osborn Substitute
Custodian and Order Authorizing Movement of Vessel- 3
Case No.: 3:14-cv-05740

LANDYE BENNETT BLUMSTEIN LLP
701 W 8TH AVE., SUITE 1200
ANCHORAGE, AK  99501
(907) 276-5152

surrender the United States Marshal shall be discharged from all duties and responsibilities for the safekeeping of said Vessel and held harmless from any and all claims arising out of its said custodial services.

IT IS FURTHER ORDERED that the Substitute Custodian shall see to and be responsible for the safekeeping of the Vessel.  Duties of the Substitute Custodian shall include, but are not limited to, ensuring that there is safe, secure moorage for the Vessel.  The Substitute Custodian is not required to have a person live on board the Vessel, but an officer or authorized agent of the Substitute Custodian shall go on board from time to time to carry out the duties of Substitute Custodian.  No other person shall be allowed to enter on the Vessel except as provided for herein or as otherwise expressly authorized by Order of this Court.

IT IS FURTHER ORDERED that the Vessel may be moved by safe means from its present moorage to safe, secure moorage at a facility in Astoria, Oregon.  The Substitute Custodian shall notify the Office of the United States Marshal that the Vessel is to be moved and shall again notify the Office of the United States marshal when the Vessel has been moved and is securely moored.  Once the Vessel has been moved and moored, it shall not be moved again without further Order of the Court.

IT IS FURTHER ORDERED that the Substitute Custodian may, but is not required to, retain a locksmith and a marine engineer familiar with the Vessel or its equipment and take them on board the Vessel with authorized agents of the Substitute Custodian to assist in the moving and securing of the Vessel.

IT IS FURTHER ORDERED that the Substitute Custodian, may, but is not required to, remove those pieces of electronic equipment on board the Vessel, if any, which may be

Order Appointing Jeffrey T. Osborn Substitute
Custodian and Order Authorizing Movement of Vessel- 4
Case No.:  3:14-cv-05740

LANDYE BENNETT BLUMSTEIN LLP
701 W 8TH AVE., SUITE 1200
ANCHORAGE, AK  99501
(907) 276-5152

easily removed without damage to the Vessel, and that such removed electronic equipment shall be stored in a safe, secure storage and subsequently returned to the Vessel or retained by the Substitute Custodian pending further Order of this Court.

IT IS FURTHER ORDERED that the Substitute Custodian, may, but is not required to, retain such services as are necessary to clean the interior and/or exterior of the Vessel, with such cleaning services to be performed under the supervision of the Substitute Custodian.

IT IS FURTHER ORDERED that Naknek shall pay charges for towing and moorage of the Vessel, shall pay for shore power for the Vessel if necessary, shall pay the fees and costs of the Substitute Custodian and shall reimburse the Substitute Custodian for costs incurred in boarding, obtaining access to and securing the Vessel, in conducting the inventory of the equipment on board, and in removing and storing the electronic equipment and having the Vessel cleaned.

IT IS FURTHER ORDERED that all authorized expenses, hereafter approved by the Court, for securing and conducting the inventory of the Vessel and arranging for and/or providing manpower and other services necessary for towing the Vessel to safe moorage facilities arranged by Dock Street Custodial, in Astoria, Oregon, in an amount not to exceed $7,000.00, for custody of the Vessel and its equipment in an amount not to exceed $55.00 per day with a minimum of 30-days charges payable, for securing the Vessel once it is arrested and conducting the inventory in an amount not to exceed $65.00 per hour per person, for moorage and electric shore power, if needed, for the Vessel at a facility in Astoria, Oregon, provided that a copy of a current insurance policy for the Vessel is available as required by the Port, if needed, in an amount not to exceed $1,100.00 per month, for insurance on the Vessel in an amount not to exceed $500.00 for the first year of Substitute Custodian's

Order Appointing Jeffrey T. Osborn Substitute
Custodian and Order Authorizing Movement of Vessel- 5
Case No.: 3:14-cv-05740

LANDYE BENNETT BLUMSTEIN LLP
701 W 8TH AVE., SUITE 1200
ANCHORAGE, AK  99501
(907) 276-5152

insurance, and for charges of a locksmith, or a marine engineer, for cleaning and securing the Vessel and for storing electronic equipment, in an amount not to exceed $100.00 per hour, and that all charges which are incurred by the Substitute Custodian or Naknek for the movement and safekeeping of the Vessel and her engines, machinery, tackle, furniture, apparel, appurtenances, and equipment, etc., shall be deemed administrative expenses of the United States Marshal.

IT IS FURTHER ORDERED that Naknek's attorney shall send a copy of this Order to Jones Pacific Maritime, LLC, and Harvey B. Jones by Certified Mail, Return Receipt Requested addressed to the last known address.

Dated: September 18, 2014

_____
BENJAMIN H. SETTLE
United States District Judge

Presented By:

LANDYE BENNETT BLUMSTEIN LLP
Attorneys for Native Village of Naknek

s/Bruce A. Moore
Bruce A. Moore
ABA No.: 8611124
WSBA No.: 43535

LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue,
Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152
Facsimile (907) 276-8433
E-mail: brucem@lbblawyers.com

Order Appointing Jeffrey T. Osborn Substitute
Custodian and Order Authorizing Movement of Vessel- 6
Case No.:  3:14-cv-05740

LANDYE BENNETT BLUMSTEIN LLP
701 W 8TH AVE., SUITE 1200
ANCHORAGE, AK  99501
(907) 276-5152