UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATIVE VILLAGE OF NAKNEK,<br><br>          Plaintiff,<br><br>     v.<br><br>JONES PACIFIC MARITIME, LLC, HARVEY B. JONES, *in personam* and the F/V SEAHORSE, Official No. 292012, her engines, machinery, tackle, furniture, apparel, appurtenances, and equipment, etc., *in rem*,<br><br>          Defendants. | CASE NO. C14-5740 BHS<br><br>ORDER REQUESTING ADDITIONAL BRIEFING |

This matter comes before the Court on Plaintiff Native Village of Naknek's ("Naknek") motion for judgment on the pleadings (Dkt. 19). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby requests additional briefing for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 19, 2014, Naknek filed a complaint against Defendants Jones Pacific Maritime, LLC, and Harvey Jones ("Jones") *in personam* and the ship F/V

ORDER - 1

Seahorse ("Seahorse") *in rem* in an action to clear title to Seahorse and restore her possession to Naknek. Dkt. 1. Naknek also moved the Court to arrest Seahorse. Dkt. 2. On October 7, 2014, United States Marshals Service arrested Seahorse near Cathlamet, Washington. On November 3, 2014, Jones answered the complaint. Dkt. 13.

On December 11, 2014, Naknek moved for judgment on the pleadings. Dkt. 19. On December 29, 2014, Jones responded. Dkt. 21. On January 2, 2014, Naknek replied. Dkt. 23.

## II. FACTUAL BACKGROUND

The following facts are undisputed. Naknek hired Jones in 2012 to captain, obtain reparations, and outfit the Naknek's boat Seahorse, a United States Coast Guard documented vessel. Some repair and outfitting to Seahorse was performed in Homer, Alaska. Jones recommended completion of further repair in Washington State. In October 2013, Jones piloted the boat to Cathlamet, Washington. Further repairs were completed near Cathlamet, Washington. Naknek's disputed charges accrued in Homer, Alaska and Cathlamet, Washington.

In the fall of 2013, Jones filed a lien with the United States Coast Guard for seaman's wages and repair work done to Seahorse. On March 12, 2014, Jones conducted a private, non-judicial foreclosure sale of Seahorse pursuant to Washington's chattel lien statute, RCW 60.08.010. As the sole bidder, Jones purchased Seahorse for $100,000 and confirmed the sale with the United States Coast Guard on March 25, 2014. Jones transferred title of Seahorse to Jones Pacific Maritime, LLC, a company owned solely by Jones. Jones granted three mortgages totaling approximately $225,000 to third parties.

## III. DISCUSSION

Naknek originally moved for a judgment that Washington's chattel lien statute is preempted by federal maritime law. Dkt. 19 at 4–6. Jones argues that there is an open question whether federal law preempts the non-judicial foreclosure aspect of the chattel lien statute as some commentators have recognized. Dkt. 21 at 5–10; *see also* 27 Wash. Prac. § 4.143 (2014). In its reply, Naknek argues that the chattel lien statute is a more general statute than Washington's boat lien statute and, therefore, Jones could only use the boat lien statute which does not provide for non-judicial foreclosures. Dkt. 23 at 2–3. New arguments raised in a reply brief are normally deemed waived because the non-moving party does not have an opportunity to respond. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 n.6 (9th Cir. 1994). The Court, however, requests additional briefing on this issue because it may be dispositive on the question of title to Seahorse.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Jones may file a supplemental response no longer than 12 pages, no later than February 6, 2015; Naknek may file a supplemental reply no longer than 6 pages, no later than February 13, 2015; and Naknek's motion is renoted for consideration on the Court's February 13, 2015 calendar.

Dated this 29th day of January, 2015.

BENJAMIN H. SETTLE
United States District Judge