UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATIVE VILLAGE OF NAKNEK,<br><br>Plaintiff,<br><br>v.<br><br>JONES PACIFIC MARITIME, LLC, HARVEY B. JONES, *in personam* and the F/V SEAHORSE, Official No. 292012, her engines, machinery, tackle, furniture, apparel, appurtenances, and equipment, etc., *in rem*,<br><br>Defendants. | CASE NO. 14-5740BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on Plaintiff Native Village of Naknek's ("Naknek") motion for judgment on the pleadings. Dkt. 19. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 19, 2014, Naknek filed a complaint against Defendants Jones Pacific Maritime, LLC, and Harvey B. Jones (collectively "Jones") *in personam* and the ship F/V *SEAHORSE* ("*SEAHORSE*") *in rem* in an action to clear title to *SEAHORSE* and restore her possession to Naknek. Naknek also moved the Court to arrest *SEAHORSE*. Dkts. 1 & 18. On October 7, 2014, United States Marshals Service arrested *SEAHORSE* near Cathlamet, WA. On November 3, 2014, Jones answered the complaint. Dkt. 13.

1     On December 11, 2014, Naknek moved for judgment on the pleadings. Dkt. 19.

2 On December 29, 2014, Jones responded. Dkt. 21. On January 2, 2015, Naknek filed a

3 reply. Dkt. 23.

4     On January 29, 2015, the Court asked the parties for supplemental briefing on the

5 application of the general and specific statute rule. Dkt. 24. On February 6, 2015, Jones

6 filed a brief. Dkt. 26. On February 12, 2015, Naknek filed a brief. Dkt. 27.

## II. FACTUAL BACKGROUND

8     Naknek hired Jones in 2012 to captain, obtain reparations, and outfit the Naknek's

9 ship *SEAHORSE*, a United States Coast Guard documented vessel. Some repair and

10 outfitting to *SEAHORSE* was performed in Homer, AK. Jones recommended completion

11 of further repair in Washington State. Dkt. 19 at 4. In October 2013, Jones piloted the

12 boat to Cathlamet, WA. Dkt. 11. Further repairs were completed near Cathlamet, WA.

13 Jones billed Naknek for the repairs but Naknek disputed charges accrued. *Id.* In fall 2013,

14 Jones filed a lien with the United States Coast Guard for seaman's wages and repair work

15 done to *SEAHORSE*. *Id.* On March 12, 2014, Jones conducted a private, non-judicial

16 foreclosure sale of *SEAHORSE* pursuant to Washington State chattel lien law, RCW

17 60.08.010. As the sole bidder, Jones purchased *SEAHORSE* for $100,000 and confirmed

18 the sale with the United States Coast Guard on March 25, 2014. *Id.* Jones transferred title

19 of *SEAHORSE* to Jones Pacific Maritime, LLC, owned solely by Jones. Jones granted

20 three mortgages, secured by *SEAHORSE,* totaling approximately $225,000 to third

21 parties. *Id.* These facts are undisputed.

## III. DISCUSSION

A motion for judgment on the pleadings is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, a party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011).

Jones obtained title to *SEAHORSE* through the non-judicial foreclosure process in the Washington State chattel lien statute, RCW 60.08.010. Dkt. 19 at 4. At issue is whether Washington State chattel lien law is an appropriate avenue to foreclose upon a commercial United States Coast Guard registered ship, rather than through the Washington State maritime lien statute or the Federal Maritime Lien Act.

The chattel lien law provides procedures for recovering debts of a typical mechanic. The state maritime lien law applies specifically to boats. Naknek contends that the more specific statute should apply to *SEAHORSE* because "[a] more specific statute supersedes a general statute only if the two statutes pertain to the same subject matter and conflict to the extent they cannot be harmonized." *O.S.T. ex rel G.T. v. Blue Shield,* 335 P.3d 416, 421 (Wash. 2014). Naknek asks the Court to vacate Jones's foreclosure and return possession of *SEAHORSE* to Naknek. Dkt. 23 at 3. Jones contends that the chattel lien law does not conflict with federal maritime lien and state lien statutes and that his foreclosure is valid. Therefore, the Court must first determine if *SEAHORSE*

is the appropriate subject matter of both statutes, and if so, whether the laws produce conflicting results.

Washington's chattel lien statute reads:

> Every person, firm or corporation who shall have performed labor or furnished material in the construction or repair of any chattel at the request of its owner, shall have a lien upon such chattel for such labor performed or material furnished, notwithstanding the fact that such chattel be surrendered to the owner thereof: PROVIDED, HOWEVER, That no such lien shall continue, after the delivery of such chattel to its owner, as against the rights of third persons who, prior to the filing of the lien notice as hereinafter provided for, may have acquired the title to such chattel in good faith, for value and without actual notice of the lien.

RCW 60.08.010. Chattel liens provide recourse for general, non-real property to which services have been rendered. Black's Law Dictionary defines chattel as "[m]ovable or transferable property; personal property; esp., a physical object capable of manual delivery and not the subject matter of real property." Black's Law Dictionary (10th ed. 2014).

Alternatively, Washington State has a specific law for maritime liens through which a creditor may take recourse for piloting fees and repair work done to a vessel:

> All steamers, vessels and boats, their tackle, apparel and furniture, are liable--
> (1) For service rendered on board at the request of, or under contract with their respective owners, charterers, masters, agents or consignees.
> (2) For work done or material furnished in this state for their construction, repair or equipment at the request of their respective owners, charterers, masters, agents, consignees, contractors, subcontractors, or other person or persons having charge in whole or in part of their construction, alteration, repair or equipment; and every contractor, builder or person having charge, either in whole or in part, of the construction, alteration, repair or equipment of any steamer, vessel or boat, shall be held to be the agent of the owner for the purposes of RCW 60.36.010 and 60.36.020, and for supplies furnished in this state for their use, at the request of their

respective owners, charterers, masters, agents or consignees, and any person having charge, either in whole or in part, of the purchasing of supplies for the use of any such steamer, vessel or boat, shall be held to be the agent of the owner for the purposes of RCW 60.36.010 and 60.36.020.

RCW 60.36.010. In examination of these issues, first the Court must determine whether *SEAHORSE* is appropriate subject matter of both the chattel lien law and the state maritime lien law and second, whether the two laws produce a conflict.

*SEAHORSE* could be the proper subject matter of the chattel lien law if it is, in fact, a piece of chattel. It is undisputed that *SEAHORSE* is a vessel. Following the Black's Law definition, *supra,* vessels are movable and transferable, and personal property rather than real estate. *SEAHORSE* is, therefore, chattel on which a lien could be levied under RCW 60.08.010.

But, *SEAHORSE* is also "a vessel and a boat" indicated as the subject of RCW 60.36.010. Jones's lien for piloting and repair work is specifically mentioned in the maritime lien law. A lien on *SEAHORSE* can, therefore, be governed by either statute.

Next, the Court must determine if the two laws produce conflicting outcomes. Naknek cites to *O.S.T. ex rel G.T.* for authority that "under rules of statutory construction, each provision of a statute should be read together with related provisions to determine the legislative intent underlying the entire statutory scheme." *O.S.T. ex rel G.T.,* 335 P.3d at 421.

Naknek has failed to cite any conflict between the chattel and maritime lien statutes. Dkt. 23 at 3. Naknek first argues that there is no conflict and if there is, "the

specific statute prevails over a general statute." *Id.* But, Naknek does not identify that conflict.

> [Defendant's] reliance on the general-specific rule of statutory interpretation is also misplaced. We will not apply the rule because the statutes do not conflict. The rule of statutory construction applies only if, after attempting to read statutes governing the same subject matter in pari materia, we conclude that the statutes conflict to the extent they cannot be harmonized.

*O.S.T. ex rel G.T.,* 335 P.3d at 421. Naknek, therefore, has failed to show that the specific-general statute rules apply to this case. The Court recognizes, *supra,* that *SEAHORSE* is appropriate subject matter of both the chattel and maritime laws. Naknek has not demonstrated that the chattel lien law is an improper avenue to foreclose upon *SEAHORSE*. Consequently, Naknek has not established that it is entitled to judgment as a matter of law.

In its reply, Naknek raised the issue of Jones's failure to honor a right of redemption. The Court does not make a decision regarding any statutory right of redemption that Naknek may have because the issue was not raised in the original motion.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Naknek's motion for judgment on the pleadings (Dkt. 19) is **DENIED**.

Dated this 16th day of March, 2015.

_____
BENJAMIN H. SETTLE
United States District Judge