UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATIVE VILLAGE OF NAKNEK,<br><br>        Plaintiff,<br><br>    v.<br><br>JONES PACIFIC MARITIME, LLC, et al.,<br><br>        Defendants. | CASE NO. C14-5740 BHS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Native Village of Naknek's ("Naknek") motion for reconsideration (Dkt. 31). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 19, 2014, Naknek filed a complaint against Defendants Jones Pacific Maritime, LLC, and Harvey B. Jones (collectively "Jones") *in personam* and the

ORDER - 1

ship F/V *SEAHORSE* ("*SEAHORSE*") *in rem* in an action to clear title to *SEAHORSE* and restore her possession to Naknek. Dkt. 1.

On December 11, 2014, Naknek moved for judgment on the pleadings. Dkt. 19. On January 29, 2015, the Court requested additional briefing on the application of the general and specific statute rule. Dkt. 24. On February 6, 2015, Jones filed a supplemental brief. Dkt. 26. On February 12, 2015, Naknek filed a supplemental brief. Dkt. 27. On March 16, 2015, the Court denied Nannek's motion. Dkt. 28. On March 30, 2015, Naknek filed a motion for reconsideration. Dkt. 31.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules, W.D. Wash. LCR 7(h)(1).

In this case, Naknek argues that the Court "committed clear error when it overlooked or misapplied legal authority on point." Dkt. 31 at 1-2. The issue that Naknek identifies is whether a conflict exists between the more general statute governing chattel liens and the more specific statute governing liens on vessels and equipment. *Id*. at 2. The Court requested additional briefing on this exact issue because it was raised for the first time in Naknek's reply brief. Dkt. 24 at 3. Naknek first argued that "[t]here is no apparent conflict between the two statutes." Dkt. 23 at 3. In the alternative, Naknek

argued that, if the statutes did conflict, "'the specific statute prevails over a general statute.'" *Id*. (citing *O.S.T. ex rel. G.T v. Blue Shield*, 181 Wn.2d 691, 701 (2014)). By requesting additional briefing, the Court invited Naknek to further expound on this issue. Naknek, however, failed to provide any argument that the statutes conflict. *See* Dkt. 27. Instead, Naknek provides relevant argument and authority in its motion for reconsideration. Dkt. 31. Regardless of the procedural impropriety of such arguments, the Court will address the two arguments presented by Naknek.

Naknek first argues that the chattel lien statute creates a conflicting class of preferred claims. Dkt. 31 at 3-4. Naknek argues that, "[u]nder federal maritime law, a crewman's unrecorded wage lien has preferred status" and that the state statute extinguishes such preferred claims. Dkt. 31 at 3. This argument is without merit because not only was Jones's lien for maritime wages and material, but the state statute also has a specific provision establishing the priority of liens. *See* RCW 60.08.030. Therefore, the Court did not commit a manifest error of law in light of preferred worker's liens.[1]

Naknek next argues that transfer of title via state law conflicts with federal law because "[t]here is no mortgage or instrument in this case." Dkt. 31 at 4. Naknek asserts, without support, that allowing title to a federally documented vessel to pass via a state self-help procedure without a mortgage or instrument is "undesirable and disruptive of the federal vessel documentation system." Dkt. 31 at 4. Without authority for this

---

[1] It is worth noting that the Court's ruling isn't that the statutes do not conflict, it is that Naknek has failed to show a conflict. There is a difference, and the Court is willing to entertain dispositive motions addressing other possible conflicts in the relevant statutes.

proposition, Naknek fails to show that the court committed a manifest error of law. Moreover, it is an open question whether, in this case, title passed under the federal system or whether using the state self-help procedure interfered with the federal system. This dispositive issue seems more appropriate for summary judgment because the parties would be required to submit evidence for the Court to consider. For example, did Jones change title to the vessel or did the Coast Guard object to any attempted change. Regardless, Naknek has failed to show that the Court committed manifest error in concluding that Naknek is not entitled to judgment on the pleadings.

### III. ORDER

Therefore, it is hereby **ORDERED** that Naknek's motion for reconsideration (Dkt. 31) is **DENIED**.

Dated this 3rd day of April, 2015.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge