UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATIVE VILLAGE OF NAKNEK,

Plaintiff,

v.

JONES PACIFIC MARITIME, LLC, et
al.,

Defendants.

CASE NO. C14-5740 BHS

ORDER RELEASING VESSEL

This matter comes before the Court on Defendants Harvey B. Jones and Jones
Pacific Maritime, LLC's (collectively "Jones") motion for order to show cause why arrest
of the vessel *SEAHORSE*, on 292012, should not be vacated (Dkt. 30), the Court order
granting a show cause hearing, the parties' briefs, and oral argument at the hearing.  The
Court has considered the pleadings filed in support of and in opposition to the motion, the
oral argument of the parties, and the remainder of the file and hereby releases the vessel
as stated herein.

# I. PROCEDURAL HISTORY

On September 19, 2014, Plaintiff Native Village of Naknek ("Naknek") filed a complaint against Jones *in personam* and the ship F/V *SEAHORSE* ("*SEAHORSE*") *in rem* in an action to clear title to *SEAHORSE* and restore her possession to Naknek.  Dkt. 1.  Naknek also filed an emergency motion for arrest of the vessel *SEAHORSE*.  Dkt. 2. On September 18, 2014, the Court granted Naknek's motion.  Dkt. 6.  On October 7, 2014, the *SEAHORSE* was arrested.  Dkt. 11.

On December 11, 2014, Naknek moved for judgment on the pleadings.  Dkt. 19. On March 16, 2015, the Court denied Naknek's motion.  Dkt. 28.

On March 26, 2015, Jones filed the motion for an order to show cause.  Dkt. 30. On May 13, 2015, the Court granted the motion and set a show cause hearing.  Dkt. 41. On May 19, 2015, Naknek filed an opening brief.  Dkt. 42.  On May 22, 2015, Jones responded.  Dkt. 46.  On May 26, 2015, Naknek replied.  Dkt. 48.  On May 27, 2015, the Court heard oral argument at the show cause hearing.

# II. DISCUSSION

The Supplemental Admiralty Rules of Procedure governing the arrest, attachment, and release of vessels provide in relevant part as follows:

**Procedure for Release From Arrest or Attachment.** Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

**Preservation of Property**. When the owner or another person remains in possession of property attached or arrested under the provisions of Rule E(4)(b) that permit execution of process without taking actual possession,

1        the court, on a party's motion or on its own, may enter any order necessary
2        to preserve the property and to prevent its removal.

Fed. R. Civ. P. Supp. Admiralty Rules E(4)(f), E(10).

In this case, the Court finds that release of the vessel is appropriate under certain conditions.  Naknek's verified complaint asserts that the non-judicial foreclosure provision of Washington's chattel lien statute is preempted by federal maritime law.  Dkt. 1 at 8.  While a federal judicial proceeding is the usual course of action for *in rem* actions against vessels, Naknek has failed to show that Washington's statute is preempted by federal law.  The Court has identified at least one remaining argument that "transfer of title via state law conflicts with federal law," which could result in a finding that the state law is preempted.  Dkt. 32 at 3.  The Court finds, however, that such an argument is not good cause to keep the vessel under arrest, but is good cause to place restrictions on the release of the vessel until all of the federal issues are fully addressed.  Therefore, the Court grants Jones' request to release the vessel with special conditions set forth below.[1]

In Naknek's reply brief, they raised the issue that Jones' underlying liens were either partially or fully misrepresented.  Dkt. 48.  These appear to be state law claims that would not establish federal question jurisdiction.  Moreover, any prejudgment relief would require the requisite showing for a temporary restraining order or preliminary injunction.  Therefore, although Naknek may be entitled to some relief under state law, such relief does not confer jurisdiction upon the Court to arrest the vessel under the good cause standard of maritime law.

---

[1] Either party may file a motion to modify these conditions if necessary.

ORDER - 3

1

**III. ORDER**

2   Therefore, it is hereby **ORDERED** that Jones' request to release the *SEAHORSE*

3 is **GRANTED**.  Jones shall abide by the following conditions of release:

4   1.   The *SEAHORSE* must remain within this judicial district;

5   2.   Jones must maintain insurance to the fair market value of the vessel; and

6   3.   Jones may not sell or further encumber the vessel.

7   Dated this 1st day of June, 2015.

8

9   _____
    BENJAMIN H. SETTLE

10   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4