1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATIVE VILLAGE OF NAKNEK,

    Plaintiff,

  v.

JONES PACIFIC MARITIME, LLC, et
al.,

    Defendants.

CASE NO. C14-5740 BHS

ORDER DENYING PLAINTIFF'S
MOTION TO STAY PENDING
APPEAL

  This matter comes before the Court on Plaintiff Native Village of Naknek's

("Naknek") motion for stay pending appeal (Dkt. 57). The Court has considered the

pleadings filed in support of and in opposition to the motion and the remainder of the file

and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

  On September 19, 2014, Naknek filed a complaint against Defendants Harvey B.

Jones and Jones Pacific Maritime, LLC's (collectively "Jones") *in personam* and the ship

1  F/V *SEAHORSE* ("*SEAHORSE*") *in rem* in an action to clear title to *SEAHORSE* and

2  restore her possession to Naknek.  Dkt. 1.  Naknek also filed an emergency motion for

3  arrest of the vessel *SEAHORSE*.  Dkt. 2.  On September 18, 2014, the Court granted

4  Naknek's motion.  Dkt. 6.  On October 7, 2014, the *SEAHORSE* was arrested.  Dkt. 11.

5      On December 11, 2014, Naknek moved for judgment on the pleadings.  Dkt. 19.

6  On March 16, 2015, the Court denied Naknek's motion.  Dkt. 28.

7      On March 26, 2015, Jones filed the motion for an order to show cause requesting

8  that the Court release the vessel.  Dkt. 30.  On June 1, 2015, the Court released the vessel

9  under certain conditions.  Dkt. 50.

10     On June 29, 2015, Naknek filed a notice of appeal informing the Court that it

11 appeals "the findings made in the Order Releasing Vessel entered on June 1, 2015 at

12 Docket 50."  Dkt. 54.

13     On July 2, 2015, Naknek filed a motion for stay pending appeal.  Dkt. 57.  On July

14 13, 2015, Jones responded.  Dkt. 58.  On July 17, 2015, Naknek replied.  Dkt. 61.

15                                   **II. DISCUSSION**

16     "A party seeking a stay must establish that he is likely to succeed on the merits,

17 that he is likely to suffer irreparable harm in the absence of relief, that the balance of

18 equities tip in his favor, and that a stay is in the public interest."  *Humane Soc. of U.S. v.*

19 *Gutierrez*, 558 F.3d 896 (9th Cir. 2009).

20     In this case, Naknek has failed to meet its burden to stay this proceeding.  With

21 regard to the likelihood of success on the merits, Naknek mischaracterizes the Court's

22 order.  Naknek asserts that it is appealing

1

2

3        three decisions made by the Court: (1) that Washington's chattel lien
         statute's application to maritime liens is not preempted by federal law; (2)
         that the Supplemental Rule D and E claims by the parties are not issues in
         admiralty; and (3) that Naknek was required to satisfy the standards for a
         temporary restraining order or preliminary injunction to prevent the release
         of the Vessel from arrest.

4

5    Dkt. 57 at 5.  No order from this Court has concluded "that Washington's chattel lien

6    statute's application to maritime liens is not preempted by federal law."  The Court,

7    however, has ruled that "Naknek has failed to show that Washington's statute is

8    preempted by federal law" and that Naknek has "one remaining argument that . . . could

9    result in a finding that the state law is preempted."  Dkt. 50 at 3.  To the extent that

10   Naknek is appealing the Court's ruling that Naknek has so far failed to establish

11   preemption, it seems that Naknek should have appealed the Court's order denying the

12   motion for judgment on the pleadings and that the time period for appealing that order

13   has passed.  *See* Fed. R. App. P. 4(a)(1)(A) (appeal must be filed "30 days after entry of

14   the judgment or order appealed from").  Regardless, Naknek has failed to show that it is

15   likely to succeed on the merits because there is an absence of precedent on the novel

16   questions of law that the Court considered in Naknek's motion for judgment on the

17   pleadings.

18          With regard to Naknek's assertions that the Court held that maritime law does not

19   apply to this matter, the assertion is completely without merit.  Maritime law does not

20   apply to state law claims that Jones failed to perfect his state law liens.  Moreover,

21   traditional standards of preliminary relief apply to state law claims for relief.  Therefore,

22   Naknek has failed to show success on the merits of these alleged errors as well.

ORDER - 3

1    With regard to irreparable harm, the Court released the vessel under certain

2 conditions intending to balance any potential harm to Naknek with Jones's right to use

3 the vessel during the course of this proceeding.  The Court explicitly invited motions to

4 modify the conditions, and Naknek has so far declined to request any additional

5 conditions.  Therefore, the Court finds that Naknek has failed to show irreparable harm in

6 the absence of a stay.

7                                    **III. ORDER**

8    Therefore, it is hereby **ORDERED** that Naknek's motion for stay pending appeal

9 (Dkt. 57) is **DENIED**.

10    Dated this 30th day of July, 2015.

11

12    _____

13    BENJAMIN H. SETTLE
      United States District Judge

14

15

16

17

18

19

20

21

22